```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
LAURICE WILLIAMS,                                           :
                                                            :
                              Plaintiff,                    :
                                                            :   **MEMORANDUM DECISION**
           - against –                                      :   **AND ORDER**
                                                            :
                                                            :   22-cv-0836 (BMC)
                                                            :
THE CITY OF NEW YORK, et. al.                               :
                                                            :
                                                            :
                              Defendants.                   :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Before the Court are: (1) the motion of the City of New York and its Department of Corrections (the "City Defendants") [27] motion to dismiss defendant Morris Lewis's crossclaims and (2) defendant Lewis's motion for reconsideration of this Court's September 26, 2023 docket order denying his motion for a preliminary injunction at [37]. For the reasons that follow, defendant Lewis's crossclaims are dismissed and his motion for reconsideration is denied.

This action involves an employee of the New York City Department of Corrections ("DOC"), who sued the City, the DOC, and individual defendants Morris Lewis (DOC Supervisor Captain) and Seeta Deochan (DOC Supervisor) under Title VII for, *inter alia*, the individual defendants' alleged acts of sex discrimination and sexual harassment. Lewis later filed an answer that included crossclaims against the City and DOC (the "City Defendants"), alleging: (1) "reverse sexual discrimination" under Title VII and the New York State Human Rights Law ("SHRL"), (2) hostile work environment under SHRL, (3) retaliation in violation of Title VII and SHRL, and (4) conspiracy under Title VII.

Lewis also filed a complaint with the EEOC for the City Defendants' same alleged conduct. The City moved to dismiss Lewis's crossclaims for failure to state a claim. Lewis then filed an improperly-styled motion for injunctive relief in response to the City Defendants' motion to dismiss, on the grounds that he would be irreparably harmed by ongoing OATH proceedings concerning events that overlap with those at issue here. The Court denied that motion, and Lewis has filed a motion for reconsideration.

Lewis attempts to support his crossclaims with allegations that two other DOC captains (Brathwaite and Phillips) conspired to coerce plaintiff Williams into lodging sexual harassment and discrimination complaints against Lewis. Lewis claims that the other captains undertook this ploy as a result of being removed from assignments in favor of Lewis. He alleges that the City Defendants placed him on modified duty due to Williams's complaints. In response, the City Defendants argue that Lewis has failed to plead the facts necessary to plausibly state any of his crossclaims. I agree.

First, Lewis fails to state a claim for gender discrimination under Title VII. To survive a motion to dismiss a Title VII claim (and the analogous SHRL provision), Lewis must plead facts supporting a plausible inference that he is a "member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Valtchev v. City of New York, 400 F. App'x 586, 591 (2d Cir. 2010). Lewis offers no factual allegations whatsoever for his contention that the DOC's decision to place him on modified duty was motivated by his sex. In fact, as City Defendants point out, Lewis alleges that the ploy was based on Brathwaite and Phillips being removed from an assignment in favor of Lewis. Their removal has nothing to do with Lewis's sex.

2

Second, Lewis fails to state a claim for hostile work environment, which exists "where the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment." Bonano v. Southside United Housing Dev. Corp., 363 F. Supp. 2d 559, 563 (E.D.N.Y. 2005). In support of this crossclaim, Lewis only offers conclusory allegations against the City Defendants, such as claiming that they "conspired to knowingly assert fabricated claims of sexual harassment and discrimination" and "denied his right to be treated equally." However, he alleges no facts to support his claim that Brathwaite and Phillips coerced Williams to lodge a claim against Lewis.

Third, Lewis fails to state a claim for retaliation under Title VII and SHRL. To defeat a motion to dismiss his Title VII claim (and the analogous SHRL provision), Lewis's complaint must allege facts tending to plausibly show that he engaged in protected activity, his employer was aware of that activity, he suffered a materially adverse employment action, and there was a causal connection between the alleged adverse action and the protected activity. See Bowen-Hooks v. City of New York, 13 F. Supp. 3d 179, 221 (E.D.N.Y. 2014). Even if Lewis's filing an EEOC complaint were "protected activity," he did not file it until after the adverse employment action, i.e., being placed on modified duty. As City Defendants point out, even if Lewis were placed on modified duty after making the EEOC complaint, he has alleged no facts to plausibly suggest a causal connection between the two.

Fourth, Lewis fails to state a claim for conspiracy. As an initial matter, "the deprivation of a right created by Title VII" cannot be the basis for a conspiracy cause of action. Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 527 (2d Cir. 1996). At any rate, stating a claim for conspiracy requires more than "conclusory, vague, or general allegations." Gallop v. Cheney,

3

642 F.3d 364, 369 (2d Cir. 2011). As explained above, Lewis's allegations against the City Defendants are wholly conclusory.

Finally, motions for reconsideration are "reserved for exceptional circumstances." Ojeda v. City of New York, No. 20-cv-3910, 2021 WL 3472505, *1 (E.D.N.Y. Aug. 6, 2021). Lewis's involvement in OATH proceedings does not rise to the level of "exceptional." As Lewis' own motion recognizes, reconsideration is generally limited to changes in controlling law, availability of new evidence, and the need to correct clear error. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). None of these circumstances are present here, and Lewis does not attempt to assert that they are.

In any event, the Court adheres to its prior ruling. As it stated in its September 26 Order, if Lewis is unable to present evidence or defend himself in the OATH proceedings (as he contends he will be), those proceedings will have no preclusive effect in this action because the Court is only required to credit OATH's fact-finding if OATH affords Lewis a "full and fair opportunity to litigate." Locurto v. Giuliani, 447 F.3d 159, 170 (2d Cir. 2006). Lewis will have the opportunity to challenge the fairness of those proceedings at the appropriate time.

For the reasons stated above, City Defendants motion to dismiss Lewis's cross claims is granted, and Lewis's motion for reconsideration is denied.

**SO ORDERED.**

s/Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
      September 29, 2023

4