UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAURICE WILLIAMS,

*Plaintiff,*

– against –

THE CITY OF NEW YORK, THE NEW
YORK CITY DEPARTMENT OF
CORRECTION, MORRIS LEWIS, and
SEETA DOECHAN,

*Defendants.*

**MEMORANDUM AND ORDER**
23-CV-00836 (NCM)(PK)

**NATASHA C. MERLE**, United States District Judge:

Before the Court is Defendant Morris Lewis's motion for a preliminary injunction. Lewis seeks to enjoin the preclusive effect of findings made by the New York City Office of Administrative Trials and Hearings ("OATH") during misconduct proceedings against him.[1] Plaintiff Laurice Williams and defendants the City of New York and the New York City Department of Correction ("DOC") (collectively "City Defendants") oppose Lewis's motion.[2] Defendant Doechan provides no opinion on the motion.[3] For the reasons discussed below, Lewis's application is DENIED.[4]

---

[1]    Lewis Mot. Prelim. Inj., ECF No. 51 ("Mot."); Supp. Lewis. Mot. Prelim. Inj., ECF No. 55 ("Mot. Supp.").

[2]    City Defs. Opp., ECF No. 57; Williams Opp., ECF No. 59.

[3]    Doechan Response, ECF No. 58.

[4]    Lewis also requests "reasonable accommodation" for injuries he sustained from an "inmate assault" should the Court grant injunctive relief. Mot. at 9. Because the Court denies Lewis's request for injunctive relief, this request is also DENIED.

## BACKGROUND

The Court assumes familiarity with the background of this action brought by plaintiff Laurice Williams against the City Defendants, Morris Lewis, and Seeta Doechan alleging gender and race discrimination, sexual assault and harassment, hostile work environment, and retaliation in violation of various provisions of federal, state, and local law. *See generally* Compl.

In 2023, Lewis filed a motion for an injunction, seeking to enjoin any recommendation resulting from the OATH proceedings related to allegations brought by, among others, Laurice Williams. *See* Mot. at 3–4. The Court denied his motion, finding that Lewis failed to establish that he would be irreparably harmed by the OATH proceedings. ECF Order dated September 26, 2023. The OATH trial commenced and resulted in Lewis's termination from the DOC on or about February 6, 2024.[5] Raynor Decl., ECF No. 51-1. Lewis now files this second application seeking to enjoin this Court from giving the OATH adjudication preclusive effect in this action. *See* Mot. at 1.

## LEGAL STANDARD

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries its burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A party seeking a preliminary injunction must establish: "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly

---

[5]    Lewis's motion does not seem to challenge his termination. Mot. Supp. at 2. ("[T]he instant injunction application is not for the purpose of vacating or annulling the Department's final decision.")

in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Connecticut State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 215 (2022) (internal citations and quotations omitted).

"Irreparable harm 'is the single most important prerequisite' for injunctive relief, and 'in the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied.'" *De Jesus Moreno v. Nielsen*, 460 F. Supp. 3d 291, 297 (E.D.N.Y. 2020) (quoting *Uppal v. New York State Dep't of Health*, 756 F. App'x 95, 96 (2d Cir. 2019)). A court need not reach the other requirements for injunctive relief where irreparable harm has not been demonstrated. *Clark v. Childs*, 416 F. Supp. 3d 221, 223 (E.D.N.Y. 2017). That is the case here.

## DISCUSSION

Lewis asserts that the DOC's decision to terminate his employment constitutes a final decision and therefore it must be given preclusive effect. Mot. Supp. at 3. Specifically, he argues that the OATH proceeding has "obvious preclusive effect" on the "very issues that are being litigated" in the instant action. *Id.*

Lewis speculates that he faces imminent danger due to a potential court ruling based on the OATH proceeding, a ruling that has not been requested or litigated. That preclusion, he argues, will bar Lewis from presenting a defense and automatically lead to plaintiff's success in this action, thereby denying him his First Amendment right to mount a defense. Mot. Supp. at 3. While Lewis's interest in defending himself against the allegations in this case is clear, he has not clearly shown that he is likely to suffer irreparable harm absent injunctive relief.

To show irreparable harm, the movant "must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative,

but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). Lewis's allegations concerning the findings made during the OATH proceedings and by the DOC Commissioner fail to meet this requirement.

After a four-day trial, the Administrative Law Judge (the "ALJ") found that Lewis "sexually harassed Officer Williams in August 2020," "retaliated against Officer Williams by removing her from the [Special Search Team] schedule," and "attempted to obstruct an EEO investigation by questioning Officer Williams in February and March 2021 regarding whether she had filed an EEO complaint against him." Mot. Ex. 4, ECF No. 51-6 at 31 ("OATH R&R"). Further, the ALJ found that Lewis engaged in sexual harassment when he "picked up Officer Williams and cradled her in his arms" and, on another occasion, "picked up Officer Williams and threw her over his shoulder with his hands on her buttock and thighs." OATH R&R at 19. The ALJ found both instances of physical conduct to be "sexual in nature and unwelcome," which was evident by corroborated testimony that Officer Williams "jumped or wriggled" and "yelled and cursed" during the incidents. OATH R&R at 19.

After reviewing the OATH R&R, the DOC Commissioner rejected the ALJ's recommended demotion for Lewis. The Commissioner determined that termination was the only remedy for Lewis's "repeated" and "egregious" conduct, finding that he "does not respect, and acts abusively toward, the female officers who work with him." Mot. Ex. 3, ECF No. 51-5.

Although the Court recognizes Lewis's argument that the OATH findings are relevant to this case, he ultimately fails to establish irreparable harm. New York State courts give "quasi-judicial administrative fact-finding preclusive effect where there has

4

been a full and fair opportunity to litigate" and "the issue sought to be precluded [is] identical to a material issue necessarily decided by the administrative agency in a prior proceeding." *Locurto v. Giuliani*, 447 F.3d 159, 170–71 (2d Cir. 2006). Courts across this Circuit have varied on whether to grant preclusive effect to factual findings in OATH proceedings. *Compare James v. N.Y.C. Health and Hospitals Corp.*, No. 15-CV-6015, 2017 WL 3923675, at *8 (S.D.N.Y. Sept. 6, 2017) (declining to give preclusive effect to factual findings made during OATH proceeding) and *Cortes v. City of New York*, 700 F. Supp. 2d 474, 486 (S.D.N.Y. 2010) (same) *with Gonzalez v. City of New York*, 442 F. Supp. 3d 665, 695 (S.D.N.Y. 2020), *aff'd*, 845 F. App'x 11 (2d Cir. 2021) (granting preclusive effect to factual findings made during OATH proceeding) and *Quire v. City of New York*, No. 19-CV-10504, 2021 WL 293819, at *6 (S.D.NY. Jan. 28, 2021) (same).

The harm Mr. Lewis alleges is speculative, for it is not yet certain whether the OATH findings will be granted preclusive effect in this case. *See New York v. United States Dep't of Homeland Sec.,* 969 F.3d 42, 86 (2d Cir. 2020) ("Irreparable harm is injury that is neither remote nor speculative. . . .") (internal citation omitted). In fact, the preclusive uncertainty was predicted when the Court denied Lewis's first motion for preliminary injunction. *See* ECF Order dated September 26, 2023. As the Court previously held, if Lewis establishes he was unable to present evidence and defend himself, then the proceeding likely would have no preclusive effect because "this Court is only required to credit OATH's fact-finding if that body affords Lewis a 'full and fair opportunity to litigate.'" *Id*. (citing *Locurto*, 447 F.3d at 170). Even now, while curiously arguing that the proceeding has preclusive effect, Lewis also argues that he was barred from "presenting a defense" due to OATH's reliance on DOC's investigation in which DOC had a "conflict of interest," and that the DOC Commissioner departed from the "standard

protocol" to demote rather than terminate individuals found guilty of sexual harassment. Mot. at 6. He thus undermines his own preclusion argument.

Moreover, to the extent Lewis attempts to argue that he has no other remedy at law, this does not hold water. As noted above, Lewis can still defend against preclusion by robustly arguing that the OATH proceeding did not afford him a "full and fair opportunity to litigate." *Locurto*, 447 F.3d at 170. Thus, Lewis cannot establish that he will suffer irreparable injury, or that such injury is imminent, in the absence of an injunction.

Further, Lewis argues that the irreparable harm here is presumed given his constitutional rights are implicated. Mot. at 7. However, "the assertion of a constitutional injury is insufficient to automatically trigger a finding of irreparable harm." *Donohue v. Mangano*, 886 F. Supp. 2d 126, 150 (E.D.N.Y. 2012). Instead, in addition to alleging a potential constitutional harm from being denied his First Amendment right to defend himself, Lewis must also "convincingly show[]" the constitutional deprivation. *Id.* He cannot do so here.

To the extent that Lewis argues that his termination constitutes irreparable harm, his argument lacks merit. Loss of employment is generally reparable through monetary damages. *See Oliver v. New York State Police*, 812 F. App'x 61, 62 (2d Cir. 2020) (noting that monetary injury from termination can be calculated and compensated and usually does not constitute irreparable harm without additional harm, such as bankruptcy). In addition, Lewis has also already been terminated, a fact that weighs against injunctive relief since preliminary injunctions are predicated on "an urgent need for speedy action to protect the [movant's] rights." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985).

6

## CONCLUSION

For the reasons stated above, defendant Lewis's motion for preliminary injunction is DENIED.

**SO ORDERED.**

>        /s/ Natasha C. Merle
> NATASHA C. MERLE
> United States District Judge


Dated:          May 1, 2024
                Brooklyn, New York