UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
LAURICE WILLIAMS,                                               :
:
Plaintiff,                          :         **REPORT & RECOMMENDATION**
:
v.                                     :         23-CV-836 (NCM) (LKE)
:
THE CITY OF NEW YORK, *et al*.                                  :
:
Defendants.                         :
---------------------------------------------------------------x

**Lara K. Eshkenazi, United States Magistrate Judge:**

Before the Court is a motion by Defendant Morris Lewis ("Lewis") to amend his third-party complaint (the "Proposed Amended Complaint").  (Dkt. 42; *see also* Dkt. 41 [referenced by Dkt. 42; motion made for the same purpose but denied on procedural grounds].)  Defendants the City of New York (the "City") and the New York Department of Correction ("DOC") (collectively, the "City Defendants") oppose.  (Dkt. 47.)  Plaintiff also opposes.  (Dkt. 48.)  For the reasons that follow, I respectfully recommend that Lewis's motion be denied.

This action involves an employee of the DOC who sued the City, the DOC, and individual defendants Morris Lewis (DOC Supervisor Captain) and Seeta Deochan (DOC Supervisor) under Title VII for, *inter alia*, Lewis's alleged acts of sex discrimination and sexual harassment.  Lewis filed an answer that included crossclaims against the City Defendants.  (Dkt. 16.)  The City Defendants moved to dismiss Lewis's crossclaims for failure to state a claim.  Lewis then filed an improperly styled motion for "injunctive relief" in response, on the grounds that he would be irreparably harmed by ongoing New York City Office of Administrative Trials and Hearings ("OATH") proceedings concerning related events.  (Dkt. 29.)  The Court denied that motion, as

well as Lewis's subsequent motion for reconsideration. (Dkt. 38.) The Court also granted the City Defendants' motion to dismiss Lewis's crossclaims based on Lewis's failure to plead the facts necessary to plausibly state any of his crossclaims. (*Id.*)

Lewis has now moved to amend his third-party complaint against third-party defendants Jermain Phillips ("Phillips") and Darwin Brathwaite ("Brathwaite"), both captains with the DOC (together, the "Third-Party Defendants"). (Dkt. 42.) In response, the City Defendants argue that 1) justice does not require permitting Lewis to amend the third-party complaint, and 2) the claims raised by Lewis in the Proposed Amended Complaint are precluded because the Court already dismissed Lewis's crossclaims and any new allegations by Lewis fail to cure the pleading deficiencies previously found by the Court. (*See* Dkt. 47.) Plaintiff joins in the City Defendants' opposition and additionally claims that Lewis's claims are meritless and will result in undue delay and prejudice at Plaintiff's expense. (*See* Dkt. 48.) In his reply, Lewis argues that permitting the amendment would not prejudice any of the parties, but does not address whether the crossclaims should be precluded as previously dismissed. (*See* Dkt. 49.)

Pursuant to Federal Rule of Civil Procedure 15, if a party has not amended its pleading within twenty-one days of serving it or within twenty-one days after service of a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id*.

Lewis's Proposed Amended Complaint asserts three crossclaims against the Third-Party Defendants, including two that the Court previously dismissed. The first (previously dismissed) cause of action is for conspiracy under Title VII, Section 296 of the New York State Executive Law and § 8-107 and § 120(a)(8) of the New York City Administrative Code. (Dkt. 41-2 at ¶¶

311-16.)  The second (previously dismissed) cause of action is for retaliation and fostering a hostile work environment (in furtherance of a conspiracy based on gender) under the New York State and New York City Human Rights Laws.  (*id*. at ¶¶ 317-23.)  The third (newly stated) cause of action is for "fabricated conduct" resulting in liability for Lewis, though Lewis cites no source of law supporting this claim.  (*See id*. at ¶¶ 324-26.)  The Court previously dismissed the first two crossclaims because Lewis failed to plausibly state facts supporting the crossclaims.  (*See generally* Dkt. 38.)  Lewis's Proposed Amended Complaint restates those crossclaims, adds alleged facts gleaned from OATH proceedings and other sources, and changes the previously dismissed third cause of action to the "fabricated conduct" claim; the Proposed Amended Complaint is otherwise essentially unchanged.  (*See* Dkt. 41-2 at ¶¶ 280, 282, 297-310, 324-26.)

With respect to the previously dismissed crossclaims, the new facts Lewis alleges are still insufficient to plausibly state any claims.  Even construing all the facts in the Proposed Amended Complaint in Lewis's favor, at most, the newly alleged facts might permit the following new inferences: Third-Party Defendants encouraged Plaintiff to reach out to other individuals who had allegedly been harassed (*id*. at ¶ 280); a separate third-party (a Captain Rivera) testified that individuals would do or say anything to avoid working full-time in the jails (*id*. at ¶ 304); Lewis had limited authority within his unit (*id*. at ¶ 282); Plaintiff was only working in Lewis's unit on loan (*id*. at ¶¶ 308-09); the DOC misplaced or lost records and evidence (*id*. at ¶¶ 303, 307); the DOC's EEOC Division attempted to influence another employee to assert claims of sexual harassment and gender discrimination against Lewis (*id.* at 306); Plaintiff had difficulty remembering material events during OATH proceedings (*id*. at ¶ 310); and there may be

inconsistencies between Plaintiff's complaint and testimony given in the OATH proceedings.[1] (*Id.* at ¶¶ 297-302.) None of these changes, however, cure the numerous defects outlined by the Court's previous dismissal of Lewis's third-party complaint. (Dkt. 38 at 2-3.)

First, with respect to the Title VII claim, the new allegations in the Proposed Amended Complaint do not offer any support for Lewis's assertion that the DOC's decision to place him on modified duty was motivated by his sex, a crucial element for a Title VII claim. *Daniel v. City of New York*, 20 Civ. 11028, 2021 WL 5988305 at *9 (S.D.N.Y. Dec. 16, 2021) (dismissing Title VII claim where complaint failed to plausibly plead discriminatory intent). Second, the proposed amendments do not cure the deficiencies in Lewis's retaliation claim because, as the Court previously noted, the adverse employment action occurred *before* Lewis filed his EEOC complaint. *Duplan v. City of New York*, 888 F.3d 612, 626-27 (2d Cir. 2018) (holding plaintiff plausibly stated a claim for retaliation where plaintiff alleged he suffered an adverse employment action after filing an EEOC complaint). Third, regarding the hostile work environment claim, none of the newly alleged facts, which merely describe alleged inconsistencies in the testimony of Plaintiff and other witnesses at the OATH proceedings, cure the deficiency previously identified by the Court. (Dkt. 38 at 3). Specifically, as before, Lewis "alleges no facts to support his claim that Brathwaite and Phillips coerced Williams to lodge a claim against Lewis." (*See id.*). While Lewis now alleges that "[the DOC's] EEO Division attempted to coerce [another officer] into joining [Plaintiff and another party in] making false claims of sexual harassment against Mr. Lewis

---

[1] The relationship (if any) between these potential inconsistencies and the crossclaims asserted in the Proposed Amended Complaint is unclear as well. The complaint states that Phillips directly confronted Lewis regarding his alleged harassment of Plaintiff, but Lewis alleges that at the OATH proceedings, Phillips testified that he was subjected to disciplinary action because he did *not* take any action in response to Plaintiff's complaints. (*Compare* Dkt. 41-2 at ¶ 297 with ¶¶ 299-300). If true, this inconsistency does not appear to provide support for any of Lewis's crossclaims; in fact, if anything it casts doubt on Lewis's claim that Phillips and Brathwaite conspired to remove him from his position.

. . . ." (*id.* at ¶ 306), this conclusory allegation does not explain how the Third-Party Defendants—who are identified in the Proposed Amended Complaint as DOC Captains, not as members of the DOC's EEO Division (Dkt. 41-2 at ¶¶ 275-76)—were involved in this alleged coercion. *See Bledsoe v. Delta Air Lines, Inc.*, No. 23 Civ. 03146, 2024 WL 1142321, at *4 (E.D.N.Y. Mar. 15, 2024) (dismissing Title VII, NYSHRL, and NYCHRL claims because plaintiff failed to adequately allege a nexus between the discriminatory conduct and named defendant). Accordingly, the newly added facts are still insufficient to support a claim for hostile work environment for the reasons previously identified by the Court.

Finally, Lewis's "fabricated conduct" claim fails for two reasons. First, Lewis does not cite any legal basis for his newly added claim for "fabricated conduct." "The Court is under no obligation to 'scour the record, research any legal theory that comes to mind, and serve generally as [Lewis's] advocate.'" *NovaGold Resources, Inc. v. J Capital Research USA LLC*, No. 20 Civ. 2875, 2023 WL 2667006, at *2 (E.D.N.Y. Mar. 27, 2023) (quoting *Ernst Hass Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999)). Second, it is apparent that Lewis has merely restyled his former conspiracy claim into this newly alleged "fabricated conduct" claim to avoid the Court's previous holding—that "'the deprivation of a right created by Title VII' cannot be the basis for a conspiracy cause of action." (Dkt. 38 at 3) (quoting *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 527 (2d Cir. 1996)). Indeed, the Proposed Amended Complaint recycles the same conclusory allegations Lewis previously attempted to use to support his conspiracy cause of action, albeit now under a different, unfounded legal claim. Therefore, Lewis's newly alleged "fabricated conduct" cause of action fares no better than his other amended claims.

In sum, the Proposed Amended Complaint does not cure any of the deficiencies identified by the Court in Lewis's prior crossclaims with respect to the claims for gender discrimination,

retaliation, and hostile work environment, and there is no legal support for Lewis's new "fabricated conduct" claim.

For the aforementioned reasons, it is recommended that Lewis's motion be **DENIED.**